

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BRADFORD E. MOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV418-049 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed his Complaint seeking review of a final decision of the Commissioner of Social Security and motion to proceed *in forma pauperis* (IFP) in March 2018. Docs. 1 & 2. The Court, after screening, granted IFP and permitted his Amended Complaint to be served by the United States Marshal. Docs. 5 & 8. Plaintiff was also served with this Court's General Order in Social Security Appeals, which sets forth the briefing schedule and requirements to which *all* Social Security appeal plaintiffs (whether *pro se* or represented by counsel) must adhere. Doc. 4. That Order explains that within 30 days of lodging of the Administrative Record and filing of defendant's answer to the complaint, plaintiff must file his opening brief setting forth his entitlement to relief. The Record was

lodged and answer filed on July 27, 2018, yet plaintiff failed to file his opening brief or request more time to do so despite the Court's order. Doc. 14. The Court therefore recommended Moss' complaint be dismissed on inactivity and, thus, abandonment grounds. Doc. 15. Plaintiff has since filed an "objection" that, perhaps, he hopes will be reconstrued as an opening brief. Doc. 16.

Plaintiff lists six "factor[s] attributing to the need for disability" benefits. Doc. 16 at 1. He is (1) unable to financially contribute to his family, preventing him from "feel[ing] as if [he is a] productive member and head of [his] household"; (2) unable to stand for prolonged periods of time; (3) unable to repetitively bend and lift, "immediately rais[ing] a red flag to employers" who "do not want to take on the risk of further injury" by hiring him; (4) unable to sit for long period of time to travel by car, plane, train, or bus to visit aging family members or plan a vacation; (5) waiting for surgery, delayed by Workers' Compensation, that may resolve his disabling impairments and permit him to work; and (6) limited in his ability to fulfill his social and spousal duties. *Id*. at 1-2.

That list does not, however, demonstrate any *error* in the Administrative Law Judge's written denial of benefits. At most, Moss

waves at a general allegation that his physical ability to work is not as extensive as the ALJ concluded it to be. *Id*. But to have this Court review the Commissioner's decision, there must be something more than "they got it wrong." As set forth in this Court's General Order, plaintiff must:

> (a) State the *issues* presented for review, set forth in separate numbered paragraphs. In other words -- what did the ALJ get wrong?
>
> (b) Briefly summarize his mental and physical impairments and the medical evidence supporting those impairments, with references to the pages of the Administrative Record where that medical evidence may be found. Meaning -- what evidence did the ALJ have before him when he denied benefits?
>
> (c) Separately and clearly set forth his argument regarding each *issue*, with specific reference to the portion of the record relied upon and by citations to statutes, regulations, and cases. Or, *how* did the ALJ get it wrong?

*See* doc. 4 at 2. Plaintiff apparently wishes to continue to prosecute his case. *See* doc. 16. The Court appreciates that plaintiff disagrees with the ALJ's conclusion that he is not disabled. His burden, however, is to clearly identify some mistake (or mistakes) in the administrative record that led the ALJ to that (incorrect) conclusion. If he is unable to identify any mistake, there is nothing for this Court to review.

Crediting plaintiff's objections as a late attempt to comply with the Court's Order, the Court's Recommendation that the case be dismissed on

inactivity grounds is **VACATED**. Plaintiff is **ORDERED** to file his opening brief complying with the above **within 14 days of service of this order** or face a recommendation of dismissal for failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b); S.D. Ga. L.R. 41.1(c).; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).

    **SO ORDERED,** this __29th__ day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA